## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CYNTHIA LOU MIZELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 13-1206-JWL |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of Plaintiff's medically determinable impairments, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.     Background**

Plaintiff applied for SSD and SSI alleging disability beginning August 1, 2006. (R. 23, 146-58). In due course, Plaintiff exhausted proceedings before the Commissioner,

and now seeks judicial review of the final decision denying benefits.  Plaintiff organized her Brief into a single section of argument, asserting that the Administrative Law Judge (ALJ) "Erroneously Determined Plaintiff's Claim at Step 4."  (Pl. Br. 4).  In this 18-page section, Plaintiff presents a stream of consciousness argument discussing, and more or less developing, a multitude of alleged errors in the ALJ's decision.  The court finds the argument first presented, and most fully developed (that the ALJ erroneously found Plaintiff's alleged fibromyalgia is not a medically determinable impairment in the circumstances of this case), requires remand for further consideration and explanation.  Therefore, it will not attempt to identify and decide each of the other arguments suggested.  Plaintiff may make these arguments to the Commissioner on remand.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's findings are supported by substantial record evidence, and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.     Analysis

Plaintiff acknowledges that at step two in the sequential evaluation process the ALJ found that Plaintiff has severe impairments consisting of affective disorder, left knee impairments, history of carpal tunnel syndrome (right), and obesity.  (Pl. Br. 4) (citing R. 25).  She then cites the decision for the proposition that the ALJ found fibromyalgia is not medically determinable on the basis of this record, and argues that this finding is erroneous because the medical records show a diagnosis of fibromyalgia, because Dr. Wingert noted several trigger points, because the record records a diagnosis of multiple muscle/joint pain before Plaintiff was diagnosed with fibromyalgia, and because the bases given by the ALJ to find fibromyalgia is not medically determinable are not supported by

the record evidence. (Pl. Br. 4-11, 15). In her response brief, the Commissioner argues that the ALJ properly determined Plaintiff's fibromyalgia is not severe. (Comm'r Br. 4). She argues that the ALJ cited numerous reasons for finding fibromyalgia not severe, and that the record evidence supports those findings. Id. at 4-6. Finally, in her reply brief Plaintiff asserts that the Commissioner "misunderstood Plaintiff's argument and the ALJ's finding" because the ALJ "specifically concluded . . . 'that the claimant's alleged fibromyalgia is not a medically determinable impairment.'" (Reply 1) (quoting R. 26). She points out that the difference between "not medically determinable" and "not severe" is significant because impairments that are found "not severe" at step two of the process must, nonetheless, be considered when assessing a claimant's RFC, whereas impairments which are found "not medically determinable" may not be considered when assessing a claimant's RFC. Id. (citing 20 C.F.R. §§ 404.1520, 404.1521; Soc. Sec. Ruling (SSR) 83-10). The Commissioner did not respond, or seek permission to respond, in any manner to Plaintiff's assertion that the Commissioner's brief misunderstood the decision and Plaintiff's argument, or to Plaintiff's explanation of the significance of the difference between "not severe" and "not medically determinable."

Plaintiff is correct, both in her statement that the ALJ specifically found that Plaintiff's "alleged fibromyalgia is not a medically determinable impairment" (R. 26), and in her explanation of the significance of that finding to this case. As Plaintiff points out, limitations attributed to impairments which are medically determinable but are not severe must be considered at later steps in the evaluation, but alleged limitations attributable to

impairments which are <u>not</u> medically determinable <u>must not be</u> considered at later steps. 20 C.F.R. §§ 404.1508, 404.1513, 404.1523, 416.908, 416.913, 416.923; <u>see also</u>, <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 554, n.7 (3d Cir. 2005) (to be considered, an impairment must be medically determinable, but need not be "severe"); <u>Gibbons v. Barnhart</u>, 85 F. App'x 88, 91 (10th Cir. 2003) ("the ALJ must consider only limitations and restrictions attributable to medically determinable impairments.") (quotation omitted).

Here, the ALJ provided three reasons for concluding that Plaintiff's fibromyalgia is not medically determinable. "The record does not contain a firm diagnosis of fibromyalgia; . . .there is no evidence that the claimant sought or received treatment consistent with a diagnosis of fibromyalgia;" and "hearing testimony regarding the claimant's pain and resulting limitations is inconsistent with the medical evidence of record as a whole." Therefore, although the ALJ did not find an impairment of fibromyalgia, he found that Plaintiff has severe impairments consisting of affective disorder, left knee impairments, history of carpal tunnel syndrome (right), and obesity.

The evidence supports the ALJ's finding that there is no record evidence of a firm diagnosis of fibromyalgia. As the ALJ noted, although Dr. Wingert noted "several (illegible) trigger pts," his conclusion was that Plaintiff "may have fibromyalgia." (R. 26) (quoting Ex. 15F/18 (R. 427)). Despite Plaintiff's protestations to the contrary, and although several of the treatment notes list fibromyalgia as one of Plaintiff's diagnoses, Plaintiff points to no record evidence where a physician specifically considered and

provided a reasoned conclusion that Plaintiff has fibromyalgia, or recorded an examination or other medical rationale supporting such a conclusion or diagnosis.

However, the record evidence does not uniformly support the second reason. The ALJ acknowledged that Plaintiff was taking psychiatric medication. (R. 30). The record supports Plaintiff's hearing testimony that she was prescribed the medication, Savella, to treat her alleged fibromyalgia. (R. 67, 427, 515). And, Plaintiff presents authority for the proposition that Savella is used to treat fibromyalgia. (Pl. Br. 5) (citing www.savella.com) (last viewed by the court on November 14, 2014). Either the ALJ's second reason is not supported by the evidence, or he failed to explain it adequately.

The same is true of the ALJ's third reason. The ALJ stated that he determined fibromyalgia is not a medically determinable impairment in the facts and circumstances of this case because Plaintiff's "hearing testimony regarding . . . pain and resulting limitations is inconsistent with the medical evidence of record." (R. 26). However, as Plaintiff points out, the ALJ did not identify the inconsistencies he found between Plaintiff's testimony and the record evidence--specifically as they relate to fibromyalgia.

The court notes that the ALJ found that Plaintiff's fibromyalgia is not a medically determinable impairment, but that Plaintiff does have medically determinable impairments consisting of affective disorder, left knee impairments, history of carpal tunnel syndrome (right), obesity, hypertension, sinusitis, and hypothyroidism. (R. 25-26). The ALJ found that Plaintiff alleges joint pain (R. 26), back and leg pain, and leg pain and other joint pain. (R. 29). And he found that Plaintiff's "medically determinable

impairments could reasonably be expected to cause" the symptoms she alleges. (R. 29). These facts leave the court and any other reader of the decision to wonder which impairment or impairments could reasonably be expected to cause Plaintiff's back pain or other joint pain. To this lay observer, absent fibromyalgia or another explanation, none of Plaintiff's impairments seems to reasonably produce back or other joint pain.

Remand is necessary for the Commissioner to explain the bases for her decision. The court does not intend hereby to preclude a finding that fibromyalgia is not a medically determinable impairment in this case. There is, in fact, record evidence tending to support that conclusion. However, as discussed above, the ALJ did not adequately explain the bases for his finding. Moreover, the Commissioner did not even argues that the ALJ's actual finding was proper. In these circumstances, it would be improper for the court to provide a post hoc rationalization for the ALJ's decision.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated this 17th day of November 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**